IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHRISTINA ADKINS, | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:23-cv-00018 |
| v. | ) |
| LINDSAY SCHWARTZ, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, AND TO THE PLAINTIFF HEREIN AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Dr. Lindsay Schwartz ("Dr. Schwartz" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1442, and 1446, hereby removes this action to the United States District Court for the Western District of Missouri. Removal is made on the grounds of diversity of citizenship, federal officer removal, and federal question jurisdiction. As grounds for this removal, Defendant states as follows:

1. On or about October 7, 2022, Plaintiff Christina Adkins ("Plaintiff") filed a Petition for Damages ("Petition") in the Circuit Court of Jackson County, Missouri captioned *Christina Adkins v. Lindsay Schwartz*, No. 2216-CV23607 ("State Court Case"). Copies of the Petition and Summons filed in Jackson County are attached hereto as Exhibit A.

2. This Notice of Removal is being filed within 30 days after Defendant accepted service of the Petition for Damages on December 13, 2022. Accordingly, this removal is timely.

28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

### I. Removal is Appropriate Based on Diversity of Citizenship and Amount in Controversy Under 28 U.S.C. §1332.

3. Defendant removes this case on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

4. There is complete diversity in this case because plaintiff and defendant are citizens of different states.

5. Plaintiff is a Missouri resident. Petition, ¶15.

6. Defendant is a Kansas resident.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Although Plaintiff stipulated to "damages not to exceed $75,000," in each of Plaintiff's eight counts, Plaintiff seeks reasonable attorneys' fees and equitable relief in addition to compensatory damages.

9. One of Plaintiff's eight counts is a claim under the Missouri Merchandising Practices Act, R.S.Mo. 407.025 (the "MMPA").

10. The MMPA allows the Court to award the prevailing party reasonable attorneys' fees. R.S.Mo. 407.025.

11. In determining the amount in controversy for purposes of diversity of citizenship, the Court may consider damages *and* attorneys' fees as allowed by law. *Gormany Broadcasting, LLC v. Gragg Advertising, Inc.*, 2013 WL 12205637 (W.D. Mo Oct. 28, 2013) (citing *Springstead v. Crawfordsville State Bank*, 231 U.S. 541, 541-42 (1913).

12. As this Court has stated, "the law is now quite settled…that the amount expended for attorney's fees are a part of the matter in controversy for subject matter jurisdiction purposes

2

when they are provided for by contract or by state statute or otherwise as a matter of right, since these are part of the liability being enforced." *Gormany Broadcasting, LLC v. Gragg Advertising, Inc.*, 2013 WL 12205637 (W.D.Mo. Oct. 28, 2013).

13. Because Plaintiff stipulates to damages not to exceed $75,000 and Plaintiff also seeks attorney's fees, the amount in controversy necessarily exceeds $75,000, exclusive of interest and costs.

14. Plaintiff also seeks equitable relief, of unknown form.

15. Although Plaintiff's pleading is unclear, it seems Plaintiff also seeks to have Defendant's medical license revoked. See Count V for negligence *per se*.

16. Defendant's medical license is priceless and certainly adds immensely to the amount in controversy.

## II. Federal Officer Removal is Appropriate Under 28 U.S.C. §1442(a).

17. The Petition asserts causes of action against Dr. Schwartz for Tortious Interference with a Business Expectancy, Damages Under the Missouri Merchandising Practices Act, Fraudulent Misrepresentation, Negligent Misrepresentation, Negligence *Per Se*, Defamation, Civil Conspiracy, and Tort of Outrage arising out of a medical examination performed in the course of Plaintiff's application for Social Security Administration ("SSA") disability insurance benefits.

18. The SSA contracts with Disability Determination Services ("DDS") in the administration of disability claims. DDS is a Missouri state entity and determines the medical eligibility for Missourians who have filed for disability benefits. Petition ¶2.

19. Plaintiff alleges Dr. Schwartz performed an inadequate Consultative Examination ("CE") and falsified a written report based on the CE, causing her application for SSA disability

3

insurance benefits to be denied. Petition, ¶¶ 4-9. Plaintiff alleges that Plaintiff "became disabled due to schizophrenia, borderline intellectual functioning, a cognitive disorder, bipolar disorder, an anxiety disorder, chronic obstructive pulmonary disease, and degenerative disc disease of the lumbar spine." *Id.* at 23.

20. DDS required Plaintiff to attend a CE performed by medical doctors or other healthcare professionals to receive disability benefits. *Id.* at 3 and 24.

21. Dr. Schwartz performed the CE and wrote a report based on the examination. Plaintiff alleges that Dr. Schwartz made untrue statements in her report, that the report was based on a template prepared in conjunction with Midwest CES containing boilerplate language that made Plaintiff seem more functional than they are and Dr. Schwartz did not adequately review Plaintiff's medical history despite receiving this information in advance. Plaintiff also alleges that Dr. Schwartz and medical assistants did not have proper training or credentials to perform the CE. *Id.* at 27-35.

22. Despite the breadth of Plaintiff's causes of action, all her allegations concern the CE conducted by Dr. Schwartz pursuant to a contract with the SSA's state Disability Services Department, which is fully funded by the Federal Government.

23. At all times, the CE was performed by Dr. Schwartz specifically at the direction of the SSA in accordance with specifications and regulations approved by the United States Government and under the direct supervision, control, orders, and directives of a federal officer acting under color of federal office.

24. This action is one which may be removed to this Court by Defendant on the grounds of federal officer removal jurisdiction pursuant to 28 U.S.C. §1442(a).

25. Removal is proper under 28 U.S.C. §1442(a) when: (a) the defendant seeking removal demonstrates that it is a "person" within the meaning of the statute; (b) the defendant demonstrates a causal nexus between the defendant's actions taken pursuant to a federal officer's directions and under color of federal office, and the alleged claims and/or cross-claims; and (c) the defendant asserts a "colorable federal defense" to such claims and/or cross-claims. *Mesa v. California*, 489 U.S. 121 (1989); *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012); *Mohler v. Air & Liquid Sys. Corp.*, No. 3:13-CV-1221-DGW-SCW, 2014 WL 2582843 (S.D. Ill. June 9, 2014); *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010); *see also In re Methyl Tertiary Butyl Esther Prods. Liab. Litig.*, 341 F.Supp.2d 351 (S.D.N.Y. 2004) (third-party indemnity complaint provides basis for federal officer removal jurisdiction).

26. Dr. Schwartz is a "person" within the meaning of 28 U.S.C. §1442(a). *See* 1 U.S.C. §1.

27. Dr. Schwartz was "acting under" the direction of a federal agency and officer because she was directed by the SSA's state DDS to perform a medical examination of Plaintiff, which the SSA requires to properly review disability benefits applications, determine eligibility, and achieve its operational objectives. DDS is obligated to follow SSA's federal rules and regulations. *See* 40 C.F.R. §404.1603(a) ("The State will comply with [SSA's] regulations and other written guidelines.") SSA's federal rules and regulations require a consultative examination to be performed when evidence for a finding of disability is insufficient. *See* 40 C.R.F. §404.1517 ("If your medical sources cannot or will not give us sufficient medical evidence about your impairment for use to determine whether you are disabled…we may ask you to have one or more physical…tests."). SSA's federal rules and regulations detail how a consultative examination is to be performed. *See* 40 C.F.R. §1519n (detailing requirements for

5

consultative examinations and reports); *see also* POMS §§ DI 22510.001-22510.114 (providing instructions on how to perform consultative examinations).

28. There is a causal nexus between Plaintiff's claims and Dr. Schwartz's allegedly tortious actions between Dr. Schwartz's actions were taken pursuant to the SSA's direction and oversight. See 20 C.F.R. §404-1519p(a) ("[The SSA] will review the report of the consultative examination to determine whether the specific information requested has been finished.").

29. The hurdle erected by the causal nexus requirements is "quite low". *Isaacson v. Dow Chem. Co.*, 517 F.3d 129 (2nd Cir. 2008). "The words 'acting under' are to be interpreted broadly, and the statute as a whole must be liberally construed." *Id*. "To show causation, Defendants must only establish that the act that is the subject of Plaintiffs' attack…occurred while Defendants were performing their official duties." *Willingham v. Morgan*, 395 U.S. 402, 409, 89 S.Ct. 1813; *see also State of Maryland v. Soper*, 270 U.S. 9, 33 (1926). Plaintiff's claim undoubtedly occurred while Dr. Schwartz was performing her official duties; namely, conducting a CE as directed by the SSA.

30. Plaintiff asserts various claims against Dr. Schwartz for purported failure to properly conduct the CE. Crucial to Plaintiff's claims is whether Dr. Schwartz complied with applicable federal regulations, including the SSA's guidelines for conducting a CE.

31. Dr. Schwartz is entitled to federal officer removal under 28 U.S.C. §1442(a) based upon the colorable federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940). *Yearsley* established that a government contractor, performing at the direction and authorization of a government officer, is immune from suit based upon performance of the contract in carrying out a government function. *See Yearsley*, 309 U.S. 18. Here, the *Yearsley* doctrine is satisfied because the CE at issue was

performed by Dr. Schwartz pursuant to validly conferred authority by the SSA (thus governed by the SSA's published guidelines and regulations), and Dr. Schwartz's performance of a CE was within the bounds of that authority.

32. DDS contracted with Dr. Schwartz's employer, Midwest CES, to perform CE pursuant to SSA's federal rules and regulations. *See* Petition ¶ 2.

33. If DDS fails to follow federal rules and regulations, SSA is obligated to assume the disability determination function. *See* 40 C.F.R. §404.1690(a) ("When we find that substantial failure exists, we will notify [DDS] in writing that we will assume responsibility for performing the disability determination function…"). If the SSA had performed the CE itself, it would be immune from suit; that immunity must be extended to Dr. Schwartz, who, by virtue of the contractually conferred authority, stepped into the SSA's shoes. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.ed.2d 580 (1983)) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Nash v. Califano*, 613 F.2d 10, 15 (2nd Cir. 1980) (ALJs enjoy absolute immunity from liability in damages from actions taken in their quasi-judicial capacity."); *Raffinee v. Commissioner of Social Sec.*, 367 Fed.Appx. 379, 381 (3rd Cir. 2010) (Social Security Administration ALJ "enjoys absolute immunity from Faffinee's suit for damages because her claims are based on actions he took in his official capacity.").

34. Indeed, the SSA cannot be sued for torts such as those asserted by Plaintiff unless sovereign immunity has been waived. While 42 U.S.C. §405(g) provides a limited waiver of the SSA's sovereign immunity for suits challenging final decision of the SSA in connection with

7

social security eligibility and benefits determinations, the statute does not waive immunity for all tort claims and no waiver exists for suits concerning the propriety and oversight of CE. *See Fabian v. Colvin*, No. 14-141, 2014 WL 3952803, at *4 (W.D. Tex. Aug. 16, 2014) (dismissing the discrimination evidence tampering, emotional distress, and due process claims against the SSA on sovereign immunity grounds); *Cikraji v. Messerman*, No. 13-2059, 2014 WL 2965281 (N.D. Ohio June 30, 2014) (dismissing common law claims against the SSA on sovereign immunity grounds). *Glenn v. Social Security Admin.*, 110 F.Supp.3d 541 (D.N.J. 2015) ("Therefore, even though 28 U.S.C. §1346 (i.e., the Federal Tort Claims Act or 'FTCA') generally waives sovereign immunity for certain tort actions against the United States (and assuming that Plaintiffs intended to rely upon this statute), the SSA cannot be sued directly under the FTCA.").

35. Moreover, 28 U.S.C. §1442(a) authorizes any federal agency, such as the SSA, to remove civil actions filed against it to federal court.

36. Courts must broadly construe Dr. Schwartz's ability to remove under Section 1442(a) as to avoid frustrating its policy objective of "hav[ing] the validity of the defense of official immunity tried in a federal court" by applying a "narrow, grudging interpretation." *Willingham v. Morgan*, 395 U.S. 402, 407, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969); see *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1262 (3rd Cir. 1994) (distinguishing the general removal standard from the standard applicable in cases removed pursuant to Section 1442(a)).

37. Removal of this case fulfills the federal officer removal statute's purpose of protecting persons who, through contractual relationship with the Government, perform jobs that "the Government itself would have to perform" in the absence of such a contract. *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 127 S.Ct. 2301, 2308, 168 L.Ed.2d 42 (2007). But-for

8

contracts with private physicians like Dr. Schwartz, the SSA would have performed Plaintiff's CE itself, an undoubtedly burdensome task. To alleviate this burden, the SSA enters contracts with private medical providers to act on its behalf.

### III. Federal Question Removal is Appropriate Under 28 U.S.C. §§ 1331 and 1441.

38. Removal is also proper Pursuant to 28 U.S.C. §§ 1331 and 1441 et seq. because Plaintiff's claims present substantial federal questions.

39. The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

40. "Whether a case 'arises under' federal law for purposes of § 1331" is governed by the "well-pleaded complaint rule." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830, 839 (2002). The artful pleading doctrine, however, "empowers courts to look beneath the face of the complaint to divine the underlying nature of a claim, to determine whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997); *see also Lopez-Munoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 5 (1st Cir. 2014) ("[T]he artful pleading doctrine allows a federal court to peer beneath the local-law veneer of a plaintiff's complaint in order to glean the true nature of the claims presented."). "In other words, a plaintiff may not, by the expedient of artful pleading, defeat a defendant's legitimate right to a federal forum." *BIW Deceived*, 132 F.3d at 831.

41. Even when state law creates the causes of action, a complaint may raise a substantial question of federal law sufficient to warrant removal if "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986) (citation omitted); *see also Gully v. First Nat'l Bank*,

9

299 U.S. 109, 112 (1936) ("To bring a case within [§ 1441], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."); *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 522 (8th Cir. 2020) (concluding federal question raised where "Plaintiffs' dependence on federal law permeates the allegations such that the [claims purportedly brought under state law] cannot be adjudicated without reliance on and explication of federal law"); *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) ("Under the substantial-federal-question doctrine, a state law cause of action may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the validity, construction, or effect of federal law.").

42. Thus, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minto*, 568 U.S. 251, 258 (2013); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005). "Where all four of these requirements are met…jurisdiction is proper because there is a 'serious federal interest in claiming the advantages though to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 314).

43. As set forth below, this case meets all four requirements.

44. Although Plaintiff alleges Tortious Interference with a Business Expectancy, Damages Under the Missouri Merchandising Practices Act, Fraudulent Misrepresentation, Negligent Misrepresentation, Negligence *Per Se*, Defamation, Civil Conspiracy, and Tort of Outrage, Plaintiff ostensibly pleads her theory of liability on Dr. Schwartz's alleged violation of

10

federal regulations and guidelines, as well as alleged duties arising out of federal law, specifically Title II of the Social Security Act and related regulations, *i.e.*, that the CE was not completed in accordance with federal regulations and the SSA's guidelines, and that Dr. Schwartz breached a duty allegedly owed by DDS and SSA to applicants.

45. DDS' program standards come directly from SSA. *See* 20 C.F.R. §404.1603(a) ("[SSA] will provide program standards, leadership, and oversight…[DDS] will comply with our regulations and other written guidelines."); 20 C.F.R. §404.1615(a) ("When making a disability determination, [DDS] will apply…our regulations."). Federal regulations provide the standards for a CE and govern whether a CE and Report is complete and adequate. *See* 20 C.F.R. §404.1615(a) (stating that the DDS must follow the regulations in 20 C.F.R. §§404.1501-404.1599 when making a disability determination); 20 C.F.R. §404-1519p(a) ("[The SSA] will review the report of the consultative examination to determine whether the specific information requested has been furnished."); §404.1519p(b) ("If the report is inadequate or incomplete, [the SSA] will contact the medical source who performed the consultative examination, give an explanation of our evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report."). Adjudication of whether Dr. Schwartz properly completed the CE requires consideration of how the SSA interprets and enforces these regulations.

46. Moreover, ensuring the propriety and quality of CE is a duty expressly assumed by the SSA under federal law. 20 C.F.R. §404.1519p(d) ("[The SSA] will perform ongoing special management studies on the quality of consultative examinations purchased from major medical sources and the appropriateness of the examinations authorized."); *see also* 20 C.F.R.

11

§404.1603(b)(4) ("[The SSA] will monitor and evaluate the performance of the [DDS] under the established standards").

47. Plaintiff also alleges that Dr. Schwartz's purported failure to comply with DDS standards-federal regulations and guidelines-caused Plaintiff to endure "unnecessary administration of her claim and to receive a partially favorable decision instead of a fully favorable decision; incur legal fees; to lose the time-value of her disability benefit payments; and to incur other expenses." Petition, ¶ 47.

48. Under the artful pleading doctrine, Plaintiff may not escape federal jurisdiction merely by omitting citations to the federal statutes and regulations that serve as the exclusive bases for Plaintiff's claims. *See Mikulski*, 501 F.3d at 560 ("[P]laintiffs may not avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims."). Where it appears that the plaintiff may have carefully created the complaint to circumvent federal jurisdiction, this Court should "consider whether the facts alleged in the complaint actually implicate a federal cause of action." *Id.* at 561; *see also Berera v. Mesa Med. Grp.*, PLLC, 779 F.3d 352, 358 (6th Cir. 2015).

49. The federal question presented by Plaintiff's claim therefore is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

50. First, Plaintiff's state law claims "necessarily raise" a federal question because "[its] asserted right to relief under state law requires resolution of a federal question." *R.I. Fishermen's All., Inc., v. Rhode Island Dep't of Envtl. Mgmt.*, 585 F.3d 42, 49 (1st Cir. 2009); *see also Wullschleger*, 953 F.3d at 522 ("The face of plaintiffs' complaint gives rise to federal question jurisdiction and plaintiff's isolated focus on their alleged state law claims is nothing

12

mor than an apparent veil to avoid federal jurisdiction."); *North Carolina ex rel. N.C. Dep't of Admin. v. Alcoa Power Generating, Inc.*, 853 F.3d 140, 146 (4th Cir. 2017) ("Regardless of the allegations of a state law claim, 'where the vindication of a right under state law necessarily turns on some construction of federal law,' the claim arises under federal law and thus supports federal question jurisdiction under 28 U.S.C. §1331."); *PNC Bank, N.A. v. PPL Elec. Util. Corp.*, 189 F.App'x 101, 104 n.3 (3rd Cir. 2006) (federal question necessarily raised where "the right to relief depends upon the construction or application of federal law"); *V.I. Hous. Auth. V. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911, 916 (3rd Cir. 1994) ("[A]n action under 28 U.S.C. §1331(a) arises only if the complaint seeks a remedy expressly granted by federal law or if the action requires construction of a federal statute, or at least a distinctive policy of a federal statute requires the application of federal legal principles.").

51. As pleaded, Plaintiff's claims require her to establish that (1) Dr. Schwartz breached duties arising solely under federal law, federal regulations and SSA guidelines, (2) whether Dr. Schwartz's actions caused the DDS and SSA's ALJ to issue an Unfavorable Decision, and (3) the existence and scope of the SSA's duties purportedly owed to applicants. *See* 20 C.F.R. §§ 404.1519; 404.1519a-t (governing CE and SSA's oversight of the same).

52. Plaintiff's claims also require consideration and adjudication of the SSA's affirmative duty under 20 C.F.R. §404.1519p to monitor and ensure CE are performed properly.

53. Based on the above, "it is not logically possible for [Plaintiff] to prevail on this cause of action without affirmatively answering the embedded question of whether federal law" required Dr. Schwartz to conduct the CE differently or whether she assumed the SSA's purported duties owed to applicants. *R.I. Fishermen's All.*, 585 F.3d at 49. "That is enough to make out a federal question." *Id.*; see also *Wullschleger*, 953 F.3d at 522 (concluding at federal

13

question was presented where "plaintiff explicitly claim that defendants violated [federal law] [and] were non-compliance with [federal agency] guidance"); *Benjamin v. S.C. Elec. & Gas Co.*, 2016 WL 3180100, at *5 (D.S.C. June 8, 2016) ("While Plaintiffs' allegations of negligence appear on their face to not reference federal law, federal issues are cognizable as the source for the duty of care resulting from [the defendant's conduct].").

54. In sum, the Petition necessarily raises a federal issue-namely, whether Dr. Schwartz properly performed the CE, whether Dr. Schwartz's actions caused the DDS and SSA's ALJ to deny Plaintiff's disability benefits application, and whether Dr. Schwartz breached duties purportedly owed to applicants.

55. Second, this federal issue is "actually disputed" because the parties disagree as to Dr. Schwartz's compliance with federal regulations and guidance, they disagree as to the existence and scope of duties owed by DDS and/or Dr. Schwartz, as they disagree as to whether Dr. Schwartz's alleged actions caused any damages based on DDS' denial in the SSA proceeding (and whether such damages are even recognizable). Indeed, these federal issues are the "central point of dispute." *Gunn*, 568 U.S. at 259.

56. Third, the federal issue presented by Plaintiff's claims is "substantial." "The substantiality inquiry under Grable looks…to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Among other things, the Court must assess whether the federal government has a "strong interest" in the federal issue at stake and whether allowing state courts to resolve the issue will "undermine the development of a uniform body of [federal] law." *Id.* at 260-62. As the Supreme Court explained in *Grable*, "[t]he doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the

14

experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." 545 U.S. at 312. "If even one claim in the complaint involves a substantial federal question, the entire matter may be removed." *Lee v. Borders*, No. 4:09-cv-1977 TIA, 2010 WL 3000065, at *1 (E.D. Mo. July 28, 2010).

57. Plaintiff's theories of Dr. Schwartz's liability necessarily require that a Court determine the existence and scope of the DDS and/or Dr. Schwartz's obligations under federal law because SSA disability proceedings are first and foremost a product of federal law. *See* 42 U.S.C. §401 *et. seq*. Plaintiff's theories of Dr. Schwartz's liability thus "involve aspects of the complex federal regulatory scheme applicable to" the SSA and disability insurance proceedings, *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 195 (2nd Cir. 2005), and are "sufficiently significant to the development of a uniform body of [disability benefits] regulation to satisfy the requirement of importance to the federal system as a whole, "*NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1024 (2nd Cir. 2014). Furthermore, "minimizing uncertainty over" the SSA's and physicians' obligations throughout SSA disability insurance benefits proceedings "fully justifies resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 317-18 (2nd Cir. 2016); *see also PNC Bank, N.A.*, 189 F.App'x at 104 n.3 (state law claim "raises a substantial federal question-the interpretation of federal statute "over which the District Court properly exercised removal jurisdiction"); *R.I. Fishermen's All.*, 585 F.3d at 51 ("[T]here is a substantial federal interest in ensuring that actions taken in pursuance of [federal regulatory programs] receive the uniformity of interpretation that a federal forum offers."). Thus, "[g]iven that…the plaintiffs' claims turn on the interpretation of the federal regulations governing" the DDS, SSA, as well as sovereign immunity, "and the importance of those regulations to the

Congressional scheme, this case plainly falls within the narrow swath of cases described in Grable." *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 174 n.5 (1st Cir. 2016).

58. Fourth, and finally, the federal issue also is capable of resolution in federal court "without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Federal courts exclusively hear challenges to SSA proceedings and decisions. *See* 42 U.S.C. §405(g) ("Such action shall be brought in the district court of the United States…"). Litigating this case in a state court runs the risk of the state court applying federal requirements and analyzing the duties of DDS inconsistently with the manner in which the federal agency tasked with reviewing disability insurance benefits applications-the SSA and its ALJs, as well as the federal courts reviewing ALJ decision-apply them. If the SSA itself or its ALJ were sued, it would be entitled to remove this case to federal court. 28 U.S.C. §1442(a). Federal jurisdiction is therefore "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of §1331." *PNC Bank, N.A.*, 189 F.App'x at 104 n.3 (quoting *Grable*, 545 U.S. at 313).

59. In summary, removal of this action is appropriate because Plaintiff's "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressional approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314; *see also, e.g., PNC Bank, N.A.*, 189 F.App'x at 104 n.3 (state law claim based on violation of Internal Revenue Code "gives rise to federal-question jurisdiction" under *Grable*); *New York ex rel. Jacobson*, 824 F.3d at 315-18 (state law claims based on defendant's alleged violation of Internal Revenue Code satisfy *Grable*); *NASDAQ OMX Grp., Inc.*, 770 F.3d at 1031 (state law claims premised on violations of Exchange Act "necessarily raise disputed issues of federal law of significant interest to the

16

federal system as a whole"); *Gilmore v. Weatherford*, 694 F.3d 1160, 1176 (10th Cir. 2012) ("Although plaintiffs could lose their conversion claim without the court reaching the federal question, it seems that they cannot win unless the court answers that question. Thus, plaintiffs' 'right to relief necessarily depends on resolution of a substantial question of federal law.'"); *Broder*, 418 F.3d at 196 (state law claims premised on cable provider's alleged violations of Communication Act's uniform rate requirement satisfy "*Grable* test for federal-question removal jurisdiction"); *Ranck*, No. 3:16-cv-024099-AA, 2017 WL 1752954, at *5 (state law claims based on violations of Cable Communications Policy Act satisfy *Grable*).

60. To the extent that the Court determines that some, but not all, of Plaintiff's claims state a substantial federal question, any non-federal claims against the Dr. Schwartz form "part of the same case or controversy" and the federal claims and are appropriately before this Court under the doctrine of supplemental jurisdiction, 28 U.S.C. §1367(a), which grants district courts jurisdiction over state claims forming part of the same case or controversy. *See, e.g., S. Council of Indus. Workers v. Ford*, 83 F.3d 966, 969 (8th Cir. 1996).

## IV. Procedural Compliance

61. Dr. Schwartz satisfies the requirements for removal under 28 U.S.C. §1442 and, therefore, is entitled to remove this action.

62. Dr. Schwartz satisfies the requirements for removal under 28 U.S.C. §§1331 and 1441 and, therefore, is entitled to remove this action.

63. Dr. Schwartz satisfies the requirements for removal under 28 U.S.C. §1332, and therefore, is entitled to remove this action.

64. The Western District of Missouri is the federal district in which the Circuit Court of Jackson County, Missouri is located.

65. Dr. Schwartz will give notice of the filing of this Notice as required by 28 U.S.C. §1446.

66. In accordance with 28 U.S.C. §1446(a) and the local requirements of this Court, Dr. Schwartz hereby attaches a copy of the state court docket indicating all process, pleadings and orders on file in the Circuit Court of Jackson County, Missouri to date, as Exhibit A.

67. Pursuant to Local Rule 3.2(a)(1), Dr. Schwartz brings this matter in the Court's Western Division.

68. Pursuant to 28 U.S.C. §1446(d), a true and complete copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jackson County, Missouri.

69. In filing this Notice of Removal, Dr. Schwartz does not waive any of its available defenses, including without limitation, jurisdiction, venue, standing, or procedures for disposition of this action, including the lack of filing of an appropriate medical affidavit.

70. Dr. Schwartz does not admit any of the factual allegations in the Petition and expressly reserves the right to challenge those allegations at the appropriate time.

**WHEREFORE**, Defendant Dr. Schwartz removes this action to the United States District Court for the Western District of Missouri, Western Division.

Dated: January 9, 2023                                        Respectfully submitted,

                                                              /s/    Patrick D. Kuehl, Jr.
                                                              Patrick D. Kuehl, Jr.     KS #20113
                                                              Steven M. Aaron       KS #15926
                                                              Rimôn P.C.
                                                              633 E. 63rd Street, Ste 220
                                                              Kansas City, Missouri 64110
                                                             Phone/fax: (816) 839-7471
                                                             patrick.kuehl@rimonlaw.com
                                                             steven.aaron@rimonlaw.com

                                                             *Attorneys for Defendant Dr. Lindsay Schwartz*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, with a copy served via electronic mail to the following:

Kyle H. Sciolaro
Derrick A. Pearce
Paul J. Taylor
103 West 26th Ave., #290
North Kansas City, MO 64116
ksciolaro@burnettdriskill.com
dpearce@burnettdriskill.com
ptaylor@burnettdriskill.com
Attorneys for Plaintiff

                                                            /s/ Patrick D. Kuehl, Jr.
                                                            *Attorney for Defendant*